THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carnie Norris, III, | ) | Civil Action No. 8:12-1162-MGL |
| Plaintiff, | ) | |
| vs. | ) | **Opinion and Order** |
| Dr. Moore; Dr. Lewis; NPA Amy Enloe; Comm. Kaye Humphries, | ) | |
| Defendants. | ) | |

This matter is before the court for review of a Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2) D.S.C. (ECF Nol 77). Plaintiff Carnie Norris, III ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on April 26, 2012, seeking to recover for violations of his constitutional rights by the named Defendants. *Id.* Defendants deny they have violated Plaintiff's constitutional rights. (ECF No. 24). Plaintiff and Defendants have filed motions for summary judgment. (ECF Nos. 30 & 36).

## **BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. Carnie Norrie, III ("Plaintiff") is a state prisoner with the South Carolina Department of Corrections ("SCDC") housed at Perry Correctional Institution Pelzer, South Carolina. Plaintiff alleges that he has bone spurs on both feet that cause him daily discomfort. (ECF No. 1 at 4). Plaintiff complains that certain medical and non-medical prison officials refused to provide him with adequate medical treatment. *Id.* Plaintiff alleges that these actions by Defendants constitute denial of proper medical care which amounts to deliberate indifference. Plaintiff

seeks monetary damages, injunctive relief in the form of in the form of surgery to remove bone spurs, proper rehabilitation, to include insoles, orthopedic shoes/sneakers, boots and all prescribed treatment available to correct Plaintiff's bone spurs, surgical and non-surgical treatment for his bone spurs and other appropriate relief. *Id.* at 7. In addition, Plaintiff seeks legal intern fees. *Id.*

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

## REPORT AND RECOMMENDATION

On March 18, 2013, Magistrate Judge Austin issued a Report recommending that Defendants' motion for summary judgment be granted and that Plaintiff's motion be

2

denied. (ECF No. 77 at 15). As noted by the Magistrate Judge, under the Eighth Amendment, in order to establish a claim for deliberate indifference to medical needs, an inmate must establish two requirements: (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials had sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by prison official. *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2-11 WL 1594915, at*1 (4th Cir., Apr. 28, 2011)(quoting *Johnson v. Quinones*, 145 F.3d 167 (4th Cir. 1998)). Here, the Magistrate Judge determined that "[a]ssuming without deciding that Plaintiff's alleged injury is a sufficiently serious medical condition, Plaintiff has failed to establish that he is entitled to summary judgment or that a genuine issue of material fact remains as to whether Defendants acted with sufficiently culpable state of mind." (ECF No. 77 at 9-10).

In making this determination, the Magistrate Judge carefully canvassed the record of Plaintiff's foot problems and provided in detail, the efforts that prison officials have made to treat Plaintiff's problems. The Magistrate Judge noted that Plaintiff acknowledged that Defendants did not ignore his alleged injury. (ECF No. 1 at 5-6). The Magistrate Judge further noted that Plaintiff expressed dissatisfaction with the treatment he received and indicted he needed additional treatment. The Magistrate Judge indicated that the Constitution requires only that a prisoner receive adequate medical care. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). The Constitution does not mandate that a prisoner receive the medical treatment of his choice. *Id.* Accordingly, the Magistrate recommends that this Court grant Defendants' motion for summary judgment[1] and deny Plaintiff's

---

[1] The Magistrate Judge noted that to the extent Plaintiff has alleged a claim against Defendant Moore under a theory of supervisory liability, the claim should be denied as there is no doctrine of respondeat superior in § 1983 claims. (ECF No. 77 at 13).

motion. The Report was mailed to Plaintiff on March 18, 2013. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and of the serious consequences if they failed to do so. (ECF No. 77-1 ). The Plaintiff filed objections to the Report on April 12, 2013.  (ECF No. 83).

## DISCUSSION

In response to the Report, Plaintiff has filed a detailed objection memorandum as well as numerous attachments, effectively challenging almost every page of the Report. Upon review, the Court notes that Plaintiff's objections express general disagreement with the Magistrate Judge's presentation of the facts; the summary judgment standard outlined by the Magistrate Judge; the Magistrate Judge's analysis and conclusions; and the affidavits presented by Defendants.  Much of the information set forth in Plaintiff's objections is merely a rehash of the same arguments presented in Plaintiff's prior filings in this matter.

General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue*, No. 1:09cv467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich.2004). Such objections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as "objections." *See Jackson*, 2011 WL 1883026; Aldrich, 327 F.Supp.2d at 747. Therefore, if a party fails to properly object because the objections lack the requisite specificity, *de novo* review by the court is not required.  *See Brooks v. James, No. 2:10–2010–MBS, 2011 WL 4543994, at \*2 (D.S.C. Sept.30, 2011); Veney* v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va.2008).  In the absence of a proper objection, the court must

"'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir.2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note); see also *Thomas v. Arn*, 474 U.S. 140, 148–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Thus, although Plaintiff's objection memorandum is lengthy, it has little substance which assists the court in understanding the objection he is making.  After a de novo review of this matter, the court has determined that Plaintiff' claims are without merit.  The court finds no error in th Magistrate Judge's analysis or conclusion.  Thus, Plaintiff's objections are overruled.

## **CONCLUSION**

After a thorough review of the Magistrate Judge's Report, the objections, and the record in this case, the Court agrees with the conclusions of the Magistrate Judge. Viewing the evidence in a light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgment and that the Magistrate Judge has accurately summarized the facts and applied the correct legal principles.  Accordingly, the Court adopts and incorporates the Report and Recommendation by reference.  The court hereby GRANTS Defendants' motion for summary judgment (ECF No. 36) and DENIES Plaintiff's motion for summary judgment (ECF No. 30).

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

September 23, 2013
Spartanburg, South Carolina